1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

11   JAY D. GOLLYHORN,

CASE NO.  C10-5398 BHS JRC

12                              Plaintiff,

REPORT AND RECOMMENDATION

          v.

13   MICHAEL J. ASTRUE, Commissioner of
     Social Security Administration,

Noted:  **February 18, 2011**

14
15                              Defendant.

16

17        This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28

18   U.S.C. § 636(b)(1) and Local Magistrates Rule MJR 4(a)(4); and, as authorized by Mathews,

19   Secretary of  H.E.W. v. Weber, 423 U.S. 261, 271-72 (1976).  This matter has been fully briefed.

20   (See ECF Nos. 13 and 14.)

21        After considering and reviewing the record, the undersigned finds that the Administrative

22   Law Judge (hereinafter "ALJ") erred by failing to evaluate all of plaintiff's conditions to

23   determine whether or not plaintiff suffered a "severe impairment" at Step 2 of the

24   Administration's evaluation process. The ALJ did not discuss any of the medical or lay evidence

25   presented by plaintiff regarding hyperlipidemia, hyptotension, hypertension, or atherosclerotic

26   peripheral vascular disease.  Since plaintiff presented evidence that these conditions potentially

impaired his ability to perform work, the ALJ's failure to discuss these impairments requires reversal.  The undersigned recommends that this matter be reversed and remanded for further consideration by the Administration.

<u>BACKGROUND</u>

Plaintiff was born on September 5, 1959 (TR 492).  He completed ten years of education and received his GED, with two years of college (TR 492-93).  During the hearing before Administrative Law Judge Milbern J. Adams (hereinafter "ALJ Adams"), plaintiff testified that most of his work was done in construction as an ironworker (TR 495).  He performed this work for thirty-five years (TR 498).  In October of 1997, while performing ironwork, he fell and broke his back (TR 495).  He was unable to return to his work as an ironworker and performed a variety of jobs including operating a cash register, renting equipment and fixing equipment for an equipment rental company (TR 496).  He was unable to continue performing that work because of the requirement of continued standing and lifting (TR 497).  He also worked in metal stud framing, requiring him to lift 100 to 150 pounds regularly (TR 497).  Plaintiff also suffered a stroke in 2004 (TR 495).  Although he attempted to work at a variety of jobs since the alleged onset date of September 22, 2004, he never again was engaged in substantial gainful employment (TR 495).

Plaintiff testified regarding a number of symptoms including ongoing pain in his lower back (TR 498), weakness in the left side of his body, numbness in his feet and arms, and inability to sleep.  The back pain starts in the mid-back and goes to the left hip (TR 499).  He also has emphysema and asthma (TR 499).

Plaintiff testified that he suffers from hypotension (subnormal arterial blood pressure or reduced pressure or tension of any kind) (TR 500), which frequently results in dizziness and

imbalance (TR 500-01).  His medical records also disclose a history of atherosclerotic peripheral

vascular disease (TR 382-82).  The discharge summary following his stroke includes

hyperlipidemia (elevated levels of lipids in the blood plasma) and hypertension (high blood

pressure) (TR 260).  It is unclear what impact, if any, these conditions have on his ability to

work, as this was not discussed during the hearing or in ALJ Adam's Decision.

<u>PROCEDURAL HISTORY</u>

On May 10, 2005, plaintiff applied for Supplemental Security Income and Disability

Insurance Benefits (TR 53).  His alleged date of onset of disability is September 22, 2004.  He

timely filed a request for hearing and the hearing occurred on July 30, 2007 (TR 71).  On

October 9, 2007, ALJ Adams issued a Notice of Decision unfavorable to plaintiff (TR 53-60).

Plaintiff requested review by the Appeals Council, which notified plaintiff on April 9, 2010 that

his request for review was denied.  Plaintiff filed a timely action in this court.

ALJ Adams made specific findings in his decision.  Among other things, ALJ Adams

found that plaintiff suffered severe impairments, including: degenerative disk disease,

osteoporosis, osteopenia, mood disorder, substance abuse in remission since 2005 (TR 55-56).

But despite those severe impairments, ALJ Adams concluded the plaintiff had the residual

functional capacity to perform light work, except lifting more than ten pounds frequently,

standing or walking more than one hour in an 8-hour work day, working in a fast-paced work

environment and/or not working too much with the public (TR 57-58).  He also found that

plaintiff should never use foot controls, climb stairs or ramps, crawl, and have moderate

exposure to noise (<u>Id</u>.).  ALJ Adams found the plaintiff had at least a high school education (TR

59).

Based on the testimony of a vocational expert, ALJ Adams concluded that plaintiff had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy.  Those jobs include assembly of small products, bench assembler products, and office helper.  Therefore, ALJ Adams concluded that plaintiff was not disabled. (Id.)

The Appeals Council denied review (TR 5), thus the October 9, 2007 decision is the final decision of the Commissioner, subject to judicial review.  20 C.F.R. § 422.210(a); see also, Sims v. Apfel, 530 U.S. 103, 107 (2000).  On June 7, 2010, plaintiff filed the underlying complaint (ECF No. 1).  In his opening brief (ECF No. 13), plaintiff contends that the decision of ALJ Adams should be reversed for the following alleged errors:

1.      ALJ Adams failed to evaluate plaintiff's conditions of hyperlipidemia, hypotension, hypertension and atherosclerotic peripheral vascular disease as severe impairments.

2.      ALJ Adams erred in finding that considering plaintiff's age, education, work experience and residual functional capacity, plaintiff had acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy.

3.      ALJ Adams erred in assessing plaintiff's educational level.

4.      ALJ Adams' decision is not based on substantial evidence.

(ECF No. 13.)  Plaintiff contends that he is entitled to reversal and an award of benefits.  Alternatively, plaintiff is requesting that the matter be reversed and remanded for a new hearing before a different ALJ. (Id.)

STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act").  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (citing

Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995)). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering the plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing Tidwell, 161 F.3d at 601). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (quoting Davis v. Heckler, 868 F.2d 323, 325-26 (9th Cir. 1989)); see Richardson v. Perales, 402 U.S. 389, 401 (1971).

## DISCUSSION

ALJ Adams failed to evaluate plaintiff's conditions of hyperlipidemia, hypotension, hypertension and atherosclerotic peripheral vascular disease as severe impairments.

Plaintiff bears the burden to establish by a preponderance of the evidence the existence of a severe impairment that prevented performance of substantial gainful activity, and that this impairment lasted for at least twelve continuous months.  20 C.F.R. §§ 404.1505(a), 404.1512, 416.905, 416.1453(a), 416.912(a); see also Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998)

(*citing* Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995)). It is the claimant's burden to "'furnish[] such medical and other evidence of the existence thereof as the Secretary may require.'" Bowen, 482 U.S. at 146 (*quoting* 42 U.S.C. § 423(d)(5)(A)) (*citing* Mathews v. Eldridge, 424 U.S. 319, 336 (1976)); see also McCullen v. Apfel, 2000 U.S. Dist. LEXIS 19994 at *21 (E.D. Penn. 2000) (*citing* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.1505, 404.1520).

Here, plaintiff provided evidence during the hearing that he suffered from a number of conditions as a result of his injuries and stroke. Some of these conditions were evaluated by ALJ Adams and others were not. Specifically, although plaintiff submitted evidence of hyperlipidemia, hypotension, hypertension and atherosclerotic vascular disease, these conditions were not evaluated at all by ALJ Adams. These conditions are noted and discussed in the medical records that were submitted to ALJ Adams (see TR 260, 381). Furthermore, at least one of these conditions was discussed during the hearing. When asked whether his severe low blood pressure had affected him, plaintiff testified:

> A:   How does it affect me(?)  I get dizzy a lot.  And I get [to] the point where I feel like I'm going to pass out and so I have to drop to my knees.
>
> Q:   How often does that happen?
>
> A:   Frequently.
>
> Q:   How many times per week do you suppose?
>
> A:   Pretty much, peak majority of the time when I stand up because of the low blood pressure.

(TR 500-01.)

There was no significant discussion during the hearing regarding hyperlipidemia, hypertension and atherosclerosis vascular disease and it is unclear if ALJ Adams considered these impairments in evaluating plaintiff's ability to return to work.

1    "The ALJ is responsible for determining credibility, resolving conflicts in medical

2    testimony, and for resolving ambiguities."  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.

3    1995) (citing Magallenes, 881 F.2d at 750.  It is not the job of the court to reweigh the evidence:

4    If the evidence is susceptible to more than one rational interpretation, including one that supports

5    the decision of the Commissioner, the Commissioner's conclusion must be upheld. Thomas v.

6    Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) (citing Morgan v. Comm'r of Soc. Sec. Admin., 169

7    F.3d 595, 599 (9th Cir. 1999)); cf. United States v. Harvey, 661 F.2d 767, 772 (9th Cir. 1981) (In

8    the context of determining whether or not substantial evidence exists to support a finding by

9    reasonable jurors for the non-moving party, "[n]either the district court nor the court of appeals

10   may weigh the evidence") (citing Chisholm Bros. Farm Equipment Co. v. International

11   Harvester Co., 498 F.2d 1137, 1140 (9th Cir. 1974)).  However, the Commissioner "may not

12   reject 'significant probative evidence' without explanation." Flores v. Shalala, 49 F.3d 562, 570-

13   71 (9th Cir. 1995) (quoting Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (quoting

14   Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981))). The "ALJ's written decision must state

15   reasons for disregarding [such] evidence." Flores, 49 F.3d at 571.

16        Similarly, the "circuit courts have consistently recognized the need for full and detailed

17   findings of facts" essential to the conclusions. Lewin v. Schweiker, 654 F.2d 631, 634 (9th Cir.

18   1981). This "rule has been applied to credibility determinations and the courts have consistently

19   required that there be an explicit finding  . . . .  whenever the claimant's credibility is a critical

20   factor" in the decision. Lewin, 654 F.2d at 635. In Lewin, the Ninth Circuit concluded that

21   "[b]ecause the ALJ's decision neither expressly discredits [claimant's] testimony nor articulates

22   any reason for questioning [his] credibility, and fails to indicate the amount of weight given to

23   various items of evidence, it cannot stand." Id.

1    ALJ Adams did not question plaintiff's credibility.  While the ALJ has the right to

2    discredit a claimant's credibility, the ALJ is required to articulate specific reasons for doing so.

3    Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006).  Absent affirmative evidence that the

4    claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting

5    claimant's testimony.  Smolen v. Chater, 80 F.3d 1273, 1283-84 (9th Cir. 1996).

6

7    While it is unclear what impact each of these conditions have on plaintiff's alleged

8    disability, and the ALJ "need not discuss *all* evidence present," Vincent, on behalf of Vincent v.

9    Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984)(per curium), the ALJ must express why certain

10   "significant probative evidence has been rejected." Id.

11

12   Since ALJ Adams received significant probative evidence from plaintiff and from

13   medical records on various medical conditions and a resulting impairment, yetfailed to provide

14   any written explanation stating the reason for disregarding such evidence, the decision cannot

15   stand.  Because this evidence may have impacted the balance of the conclusions contained in the

16   decision, it is unnecessary to evaluate the balance of plaintiff's alleged errors, and instead, it is

17   recommended that this matter be remanded to the Administration for a full review.

18   The Ninth Circuit has put forth a "test for determining when evidence should be

19   credited and an immediate award of benefits directed." Harman v. Apfel, 211 F.3d 1172,

20   1178 (9th Cir. 2000). It is appropriate where:

21

22        (1) the ALJ has failed to provide legally sufficient reasons for
          rejecting such evidence, (2) there are no outstanding issues that must
23        be resolved before a determination of disability can be made, and (3)
          it is clear from the record that the ALJ would be required to find the
24        claimant disabled were such evidence credited.

25   Harman, 211 F.3d at 1178 (*quoting* Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir.1996)).

26

REPORT AND RECOMMENDATION - 8

Here, outstanding issues must be resolved. See Smolen, 80 F.3d at 1292.  There is a large volume of medical and other evidence and much in the record is contradicted.  Some of these contradictions have been addressed by ALJ Adams and some have not been addressed.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence.  Redick v. Chatter, 157 F.3d 715, 722 (9th Cir. 1998); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).  If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ.  Sample v. Schweiker, 649 F.2d 639, 642 (9th Cir. 1999)(quoting Waters v. Gardner, 452 F.2d 855, 858, n. 7 (9th Cir 1971)(citing Calhoun v. Bailar, 626 F.2d 145, 150 (9th Cir. 1980))).

Therefore, remand is appropriate to allow the Administration the opportunity to consider properly all of the lay and medical evidence as a whole and to incorporate the properly considered lay and medical evidence, into the consideration of plaintiff's testimony and residual functional capacity.  See Sample, 694 F.2d at 642.  Remanding the matter will allow the Administration the opportunity to reconsider its decision at Steps 2 through 5 of the sequential disability evaluation.  Plaintiff contends that this court should disqualify ALJ Adams on remand.  This court disagrees.  Administrative Law Judges "are presumed to be unbiased." Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).  To rebut this presumption, one must show a "conflict of interest or some other specific reason for disqualification." Id. at 857-58 (citing Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999)). Although ALJs occasionally can reveal irritation or anger, "'expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women … sometimes display,' do not establish bias." Rollins, 261 F.3d 858 (quoting Liteky v. United States, 510 U.S. 540, 555-56 (1994)).

1    Plaintiff's contention of bias by ALJ Adams is not supported by any references in the

2    record.  Plaintiff has not established any reason for the disqualification of ALJ Adams.  See

3    Rollins, 261 F.3d 857-58.  Therefore, there is no basis to reassign this case to another ALJ.

4                                               CONCLUSION

5

6    On remand, the ALJ should consider properly the lay witness evidence and the medical

7    evidence, both of which may affect the ALJ's finding at Steps 2 through 5.  Therefore, for the

8    aforestated reasons, the Court should reverse and remand the matter to the Administration for

9    further consideration, beginning at Step 2.

10   Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

11   fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P.

12   6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

13   review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

14   imposed by Rule 72(b), the clerk is directed to set the matter for consideration on February 18,

15   2011, as noted in the caption.

16

17   Dated this 26th day of January, 2011.

18

19

20   J. Richard Creatura
     United States Magistrate Judge

21

22

23

24

25

26

REPORT AND RECOMMENDATION - 10